**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30151 |
| Plaintiff-Appellee, | D.C. No. 1:94-cr-00082-DWM-5 |
| v. | |
| DEAN LaFROMBOISE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted May 18, 2021**

Before: CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Dean LaFromboise appeals pro se from the district court's orders denying

his motion for compassionate release under 18 U.S.C § 3582(c)(1)(A)(i) and

subsequent motion for reconsideration. We have jurisdiction under 28 U.S.C.

§ 1291, and we vacate the district court's orders and remand for the district court to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

dismiss LaFromboise's motion without prejudice.

Before filing a motion for compassionate release in the district court, a prisoner must exhaust his administrative remedies by requesting relief from the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3582(c)(1)(A). Though the district court did not deny LaFromboise's motion for lack of exhaustion, it correctly observed that "LaFromboise does not indicate he attempted to pursue, much less exhausted, administrative remedies." The only evidence in the record of a request for compassionate release from LaFromboise to the BOP is dated well after LaFromboise filed the instant motion. Accordingly, we agree with the government that LaFromboise failed to exhaust his administrative remedies.[1] In light of the mandatory language of the statute,[2] the district court lacked authority to address LaFromboise's motion. *See Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016).

Accordingly, we vacate the district court's orders and remand with instructions that it dismiss LaFromboise's motion without prejudice. LaFromboise is free to file another motion for compassionate release in the district court, and we

---

[1] Assuming without deciding that the exhaustion requirement can be waived, we disagree with LaFromboise's assertion that he could not have requested compassionate release from the BOP prior to filing his motion.

[2] Because it does not affect our decision, we do not decide whether the exhaustion requirement under § 3582(c)(1)(A) is jurisdictional or "a mandatory claim-processing rule subject to forfeiture." *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1851 (2019).

express no opinion as to the merits of such a motion.

LaFromboise's motion for a preliminary injunction seeking immediate release is denied.

**VACATED and REMANDED.**