**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30145 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-00008-RRB-1 |
| v. | |
| THOMAS DAVID WHOLECHEESE, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted April 20, 2021**

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Thomas David Wholecheese, Jr., appeals from the district court's orders

denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i)

and motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291. We

vacate and remand with instructions that the motion be dismissed without

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

prejudice.

An inmate may file a motion for compassionate release in the district court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The record shows that Wholecheese did not fulfill either requirement prior to filing his compassionate release motion in the district court. In light of the mandatory language of the statute,[1] the district court lacked authority to address Wholecheese's motion. *See Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016).

Accordingly, we vacate the district court's orders and remand with instructions that it dismiss Wholecheese's motion without prejudice. Wholecheese is free to file another motion for compassionate release in the district court, and we express no opinion as to the merits of such a motion.

**VACATED and REMANDED.**

---

[1] Because it does not affect our decision, we do not decide whether the exhaustion requirement under § 3582(c)(1)(A) is jurisdictional or "a mandatory claim-processing rule subject to forfeiture," *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1851 (2019). Contrary to Wholecheese's argument, the government did not forfeit its exhaustion argument. The government raised the defense before the district court, which denied Wholecheese's motion, and subsequent motion for reconsideration, in part because he had not exhausted administrative remedies. The government then renewed its exhaustion argument on appeal.