FILED

**NOT FOR PUBLICATION**

MAY 21 2021

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10207 |
| Plaintiff-Appellee, | D.C. No. 4:12-cr-00818-PJH-1 |
| v. | |
| ROYLAND RICE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted May 18, 2021**

Before:     CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Royland Rice appeals pro se from the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291. We vacate and remand with instructions that the motion be dismissed without prejudice.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

An inmate may file a motion for compassionate release in the district court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The requests for compassionate release the district court cited as proof of exhaustion were directed to Rice's unit manager and made no mention of COVID-19 or any medical conditions; indeed, in one of his requests, Rice denied any serious medical issues. As the government argues, these requests were insufficient to meet the exhaustion requirement. *See* 28 C.F.R. § 571.61(a) (inmate's request to the BOP must be submitted to the warden and, at a minimum, contain the "extraordinary or compelling circumstances that the inmate believes warrant consideration"). In light of the mandatory language of the compassionate release statute,[1] the district court lacked authority to address Rice's motion. *See Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016).

Accordingly, we vacate the district court's order and remand with instructions that it dismiss Rice's motion without prejudice. Rice is free to file another motion for compassionate release in the district court, and we express no

---

[1] Because it does not affect our decision, we do not decide whether the exhaustion requirement under § 3582(c)(1)(A) is jurisdictional or "a mandatory claim-processing rule subject to forfeiture," *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1851 (2019). Even if it is solely a claim-processing rule, the government has invoked it here, requiring dismissal of Rice's motion. *See id.* at 1849.

opinion as to the merits of such a motion.

**VACATED and REMANDED.**