**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-2191

MARIA GORRASI,

Plaintiff - Appellant,

v.

ALEX M. AZAR, II, Secretary of U.S. Department of Health and Human Services, National Institutes of Health,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, Senior District Judge. (1:20-cv-02389-CCB)

Submitted: August 26, 2022                    Decided: October 12, 2022

Before DIAZ, HARRIS, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**:  Eden Brown Gaines, BROWN GAINES, LLC, Washington, D.C., for Appellant.  Erek L. Barron, United States Attorney, Kimberly S. Phillips, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maria Gorrasi appeals the district court's order granting summary judgment to the Secretary of Health of Human Services on her discrimination, retaliation, and hostile work environment claims raised under Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §§ 2000e to 2000e-17, the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. §§ 621-634, and the Rehabilitation Act of 1973 (RA), as amended, 29 U.S.C. §§ 701-796l. Gorrasi contends that the district court erred in concluding that she failed to exhaust her claim concerning a reassignment to a nonsupervisory position.[*] We affirm.

We review the district court's summary judgment ruling de novo, "applying the same legal standards as the district court and viewing all facts and reasonable inferences in the light most favorable to the nonmoving party." *Ballengee v. CBS Broad., Inc.*, 968 F.3d 344, 349 (4th Cir. 2020). "Summary judgment is warranted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "A genuine question of material fact exists where, after reviewing the record as a whole, a court finds that a reasonable jury could return a verdict for the nonmoving party." *J.D. ex rel. Doherty v. Colonial*

---

[*] We briefly reject Gorrasi's other contentions. The Secretary complied with Fed. R. Civ. P. 56(c), and the district court did not grant summary judgment without notice in contravention of Fed. R. Civ. P. 56(f). And she has waived appellate review of her argument that she exhausted her administrative remedies as to her hostile work environment claim because she failed to raise her continuing violation argument in the district court. *See Hicks v. Ferreyra*, 965 F.3d 302, 310 (4th Cir. 2020).

2

*Williamsburg Found.*, 925 F.3d 663, 669 (4th Cir. 2019) (internal quotation marks omitted). In conducting this inquiry, courts may not "weigh conflicting evidence or make credibility determinations." *Id.* But "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

It is well established that every Title VII plaintiff must exhaust her administrative remedies prior to filing suit in federal court. *See Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1846 (2019); 42 U.S.C. § 2000e-16(c). In the case of a federal employer, the aggrieved party must consult with an EEO counselor at the discriminating agency within 45 days of any allegedly discriminatory agency action. 29 C.F.R. § 1614.105(a)(1) (2022). If this informal counseling does not resolve the issue, the EEO counselor must inform the employee in writing of her right to file a formal EEO complaint with the agency. *Id.* § 1614.105(d) (2022). After an employee receives that notice, she has 15 days to file a formal complaint with her employing agency. *Nielsen v. Hagel*, 666 F. Appx 225, 227 (4th Cir. 2016) (unpublished). An employee may amend her complaint at any time prior to the end of the investigation to include similar issues and, after requesting a hearing, can ask an administrative law judge to amend her complaint similarly. 29 C.F.R. § 1614.106(d) (2022). The agency must acknowledge receipt of amendments in writing. *Id.* § 1614.106(e) (2022). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII

3

lawsuit." *Stewart v. Iancu*, 912 F.3d 693, 705 (4th Cir. 2019) (internal quotation marks omitted).

We conclude that the district court correctly found that Gorrasi did not exhaust her administrative remedies for the reassignment claim. Gorrasi's handwritten letter, allegedly signed in May 2016, was not sufficient to show exhaustion. Gorrasi did not submit a sworn statement that she in fact submitted the letter to the agency. Thus, we are left to speculate whether she indeed submitted it or the agency received it. The regulation required the agency to acknowledge receipt of any amendments, but no acknowledgement of the May 2016 letter appears in the record. While the reassignment was mentioned during the investigation into a different charge, those references were isolated and the reassignment was never addressed by the administrative law judge. Most importantly, the record shows that the agency received a later amendment in July and, in its letter acknowledging that amendment, omitted the reassignment claim in describing Gorrasi's claims. That letter specifically advised Gorrasi's counsel to contact the agency if she did not agree with the letter's description of her claims. Yet Gorrasi did not respond. Nor does the record reflect that she remedied that silence at any other time during the administrative process. Given this course of events, we conclude that Gorrasi failed to exhaust her administrative remedies for the reassignment claim.

Therefore, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4