**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE WILSON BAIRES RIVAS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-386

Agency No.
A208-458-787

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2023[**]
Pasadena, California

Before: PAEZ and H.A. THOMAS, Circuit Judges, and COLLINS, District
Judge.[***]

Jose Wilson Baires Rivas, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Raner C. Collins, United States District Judge for the
District of Arizona, sitting by designation.

immigration judge's ("IJ") denial of his application for asylum and withholding of removal.[1]  Baires Rivas specifically challenges the agency's determination that he failed to establish past persecution.  We have jurisdiction under 8 U.S.C. § 1252 and review the agency's factual findings for substantial evidence.  *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).  We deny the petition.

Baires Rivas argues that he suffered past persecution on account of his political opinion and particular social group of witnesses to crimes after he was threatened on two separate occasions in El Salvador.  First, Baires Rivas was accosted by members of the Farabundo Martí National Liberation Front ("FMLN") for his support of the National Republican Alliance political party ("ARENA"), and later was physically threatened with a knife by other FMLN members for his failure to vote in favor of a FMLN candidate.  Second, after witnessing two individuals stab a man, Baires Rivas and his aunt were confronted by two masked men with a firearm, who demanded that they never return to the scene of the crime

---

[1] Baires Rivas also petitions for review of his claim for protection under the Convention Against Torture ("CAT"), but he failed to raise this claim before the BIA.  Because the Government raised Baires Rivas's failure to exhaust his claim in its Answering Brief, we must enforce this "claim-processing rule" and may not review Baires Rivas's CAT claim.  *Santos-Zacaria v. Garland*, 598 U.S. 411, 416–23 (2023) (clarifying that while 8 U.S.C. § 1252(d)(1)'s exhaustion requirement is not jurisdictional, it is a "claim-processing rule" that is mandatory); *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1849 (2019) ("A claim-processing rule may be 'mandatory' in the sense that a court must enforce the rule if a party 'properly raise[s]' it." (citation omitted)).

again. Baires Rivas and his aunt subsequently filed a police report and then fled to the United States. He suspects that both groups were members of the gang Mara Salvatrucha, commonly known as MS-13, on account of their attire and appearance as well as the gang's control over the region. Baires Rivas argues that when considered cumulatively, these two events rise to the level of past persecution.

While "death threats alone can constitute persecution," a court must look to the "surrounding circumstances to determine whether the threats are actually credible and rise to the level of persecution." *Id.* (internal quotation marks and citations omitted); *see also Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) ("Mere threats, without more, do not necessarily compel a finding of past persecution."). Threats are most likely to rise to the level of persecution "where threats are repeated, specific and combined with confrontation or other mistreatment." *Duran-Rodriguez*, 918 F.3d at 1028 (internal quotation marks and citations omitted).

Contrary to Baires Rivas's assertions, substantial evidence supports the agency's determination that Baires Rivas failed to demonstrate that these threats rose to the level of persecution. *See id.* Further, the threats he faced for his political support of ARENA were in no way tied to the threats he experienced concerning the stabbing incident. Even when considered cumulatively, these threats do not constitute persecution. *See Sharma v. Garland*, 9 F.4th 1052, 1061

(9th Cir. 2021) ("[S]poradic incidents, unaccompanied by an ongoing pattern of harm," are less likely to "compel the conclusion of past persecution."). Moreover, Baires Rivas did not allege that he or his family were contacted by the perpetrators or faced any hardship following these threats. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (finding no past persecution where there was no evidence that the attackers "showed any continuing interest in [the petitioner]"). The unfulfilled threats against Baires Rivas are not necessarily dispositive, but, notably, he has not demonstrated that his accosters "ha[d] the will or the ability to carry [these threats] out." *Kaiser v. Ashcroft*, 390 F.3d 653, 658 (9th Cir. 2004) (internal quotation marks and citation omitted). Therefore, substantial evidence supports the agency's decision that Baires Rivas did not establish that he suffered past persecution.

Having failed to show past persecution, Baires Rivas is not entitled to a presumption of future persecution. *See Sharma*, 9 F.4th at 1060. As to fear of future persecution, Baires Rivas fails to challenge the IJ's finding that his fear is not objectively reasonable. Without establishing a well-founded fear of future persecution, he cannot meet the requisites of asylum or withholding of removal.[2]

---

[2] Baires Rivas also contests the agency's determination that witnesses to crimes is not a cognizable particular social group. Because Baires Rivas fails to establish a crucial element of both asylum and withholding of removal, we need not address this issue. *See Sharma*, 9 F.4th at 1059.

*Id.* at 1059.  Thus, we conclude that the BIA properly dismissed Baires Rivas's appeal of the denial of his applications for asylum and withholding of removal.

**PETITION DENIED.**