**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 23-2016

———————

PEDRO ANTONIO GARCIA-SALAZAR,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

———————

On Petition for Review of a Final Order
of the Board of Immigration Appeals
(BIA No.: A216-370-814)
Immigration Judge: John B. Carle

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
March 8, 2024

Before: SHWARTZ, CHUNG, and AMBRO, <u>Circuit Judges</u>

(Opinion Filed: March 11, 2024)

———————

# OPINION[*]

**AMBRO**, <u>Circuit Judge</u>

Pedro Garcia-Salazar is a native and citizen of Guatemala who lived in Mexico for twenty-five years before entering the United States in 2007. In 2018, more than a decade later, he sought asylum, withholding of removal, and Convention Against Torture ("CAT") protection. The Immigration Judge ("IJ") denied his applications, the Board of Immigration Appeals ("BIA") dismissed his appeal, and Garcia-Salazar petitions us for review. Because we cannot reach the merits of his asylum and withholding of removal claims, and substantial evidence supports the denial of his CAT claim, we dismiss in part and deny in part his petition.

## I

Garcia-Salazar lived in Guatemala until he was about twenty-three years old. There, he spent approximately three years as a soldier in the Guatemalan army, primarily as a "look out" for approaching guerillas. A.R. 49. His time in the military was difficult and rife with abuse. He was beaten by senior officers on multiple occasions and hospitalized at least once. Tired of the mistreatment and fearing that guerilla soldiers or army officers would kill him, Garcia-Salazar fled to Mexico in 1981 or 1982, where he lived for twenty-five years. His mother and brother still reside in Guatemala. In 2007, Garcia-Salazar entered the United States, but he was never lawfully admitted or paroled after inspection

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

by an Immigration Officer. The Department of Homeland Security began removal proceedings in 2017, and, a year later, Garcia-Salazar requested the relief already noted.

The IJ rejected the asylum application as untimely because it was filed outside the one-year filing deadline, which Garcia-Salazar conceded. A.R. 51; *see* 8 U.S.C. § 1158(a)(2)(B); 8 C.F.R. § 1208.4(a)(2)(ii). Because ignorance of the law cannot excuse an untimely application, the IJ also found that Garcia-Salazar could not claim he did not know he was eligible for asylum. The IJ also denied the application for withholding of removal because, among other things, Garcia-Salazar's proposed social groups—"former Guatemalan army officers who prosecuted cartel members" and "former soldier[s] for the Guatemalan army"—were not cognizable. A.R. 54-56. And the IJ found Garcia-Salazar ineligible for CAT protection because he failed to show he was more likely than not going to be tortured by former army officers or "unknown criminals" nearly forty years after leaving Guatemala. A.R. 58.

The BIA dismissed Garcia-Salazar's appeal. It agreed the asylum application was time barred and held he "waived" any objection to the "dispositive determination[]" that his proposed social groups were not cognizable; so his asylum and withholding of removal claims failed. A.R. 3-4. It also affirmed his ineligibility for CAT protection.

II

Before us, Garcia-Salazar makes several arguments why we should grant his petition for review and remand to the BIA and IJ. None persuade us.

Initially, it is unclear if he challenges the denial of his asylum application, as he asks us to "grant" only his "withholding of removal and/or relief under CAT," Pet'r Br. 13, but

3

then argues the IJ and BIA erroneously denied his claim for withholding of removal *and* asylum, *see id.* at 14, 30. In any event, Garcia-Salazar does not contest the IJ's dispositive determinations that his asylum application was untimely and no extraordinary or changed circumstances excused the delay, and we lack jurisdiction to review those findings. *See* 8 U.S.C. § 1158(a)(3). We thus cannot address the merits of, and so dismiss the petition as to, his asylum claim. *See Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir. 2003).

Garcia-Salazar also argues the BIA and IJ erred in finding him ineligible for withholding of removal. To qualify for withholding relief, a petitioner must demonstrate a "clear probability" that, upon his removal, he will be persecuted on account of a protected ground. *Guzman Orellana v. Att'y Gen.*, 956 F.3d 171, 178 (3d Cir. 2020). As noted, the IJ reasoned that neither of Garcia-Salazar's proposed social groups established eligibility for relief, and the BIA found he failed to "meaningfully challenge" that determination. A.R. 4. Though he now takes head on, for the first time in his petition for review to us, the IJ's conclusion, we may not consider unexhausted arguments. *See* 8 U.S.C. § 1252(d)(1); *cf. Santos-Zacaria v. Garland*, 598 U.S. 411, 421-23 (2023). Nor can we excuse compliance with § 1252(d)(1)'s exhaustion requirement where, as here, the Government asks us to enforce it. *See Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1849 (2019); Gov't Br. 15-16. Because the lack of cognizability of his proposed social groups is dispositive of Garcia-Salazar's withholding claim, we (like the BIA) do not reach his remaining related arguments and dismiss the petition as to that claim.

Garcia-Salazar likewise objects to the BIA's denial of protection under the CAT. The agency agreed with the IJ's conclusion that he had not shown it was more likely than

4

not that he would be tortured—that is, subjected to an "extreme form of cruel and inhuman treatment"—if he returned to Guatemala. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(2); *Blanco v. Att'y Gen.*, 967 F.3d 304, 315 (3d Cir. 2020). That is a factual finding that we review for substantial evidence, reversing only if "the evidence not only supports a contrary conclusion, but compels it." *Kang v. Att'y Gen.*, 611 F.3d 157, 164 (3d Cir. 2020) (quoting *Sheriff v. Att'y Gen.*, 587 F.3d 584, 589 (3d Cir. 2009)). The BIA and IJ denied Garcia-Salazar's CAT claim because they found it was too speculative. Nothing in the record suggested "the Army officers that abused him during his Army days are still alive or remain interested in him." A.R. 4, 58. The BIA also found too attenuated the claim that "it [wa]s possible … drug cartels were after him with government acquiescence" because "the police and army are both overrun by [them]." A.R. 4. And his generalized evidence of corruption, violence, and crime was insufficient to establish eligibility for CAT relief. A.R. 5, 59. Garcia-Salazar points to no evidence compelling a contrary conclusion. He instead repeats, almost verbatim, the arguments he presented to the BIA. *Compare* Pet'r Br. 34-39, *with* A.R. 31-34. They do not call into question the BIA's reasoned determination that he failed to demonstrate a likelihood of future torture. Though we are sympathetic to Garcia-Salazar's circumstances—facing removal to a country he has not lived for four decades—we cannot grant him the relief he requests and deny the petition as to his CAT claim.

\* \* \* \* \*

Because we lack jurisdiction over part of Garcia-Salazar's petition, and the BIA's decision to deny his request for protection under the CAT was supported by substantial evidence, we dismiss in part and deny in part the petition for review.