**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 25 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAUL MUNOZ CONTRERAS, AKA Raul Contreras Muñoz,<br><br>        Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No. 23-1623<br><br>Agency No. A208-836-909<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 3, 2024**
Pasadena, California

Before: CLIFTON, COLLINS, and LEE, Circuit Judges.

Raul Contreras Muñoz ("Contreras"), a native and citizen of Mexico, petitions for review of a decision by the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") denial of his application for cancellation of removal under section 240A(b) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(b). We have jurisdiction under INA § 242, 8 U.S.C. § 1252. We deny the petition.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

In 2009, Contreras was convicted of assault with a deadly weapon in violation of California Penal Code § 245(a)(1).[1] The IJ held that this conviction was for "a crime involving moral turpitude, for which a sentence of [one] year or longer may be imposed," and that, as a result, Contreras was barred from receiving cancellation of removal. *See* 8 U.S.C. § 1227(a)(2)(A)(i); *see also id*. § 1229b(b)(1)(C). The BIA upheld the IJ's denial of cancellation on the ground that Contreras's brief in the BIA failed to challenge the IJ's ruling classifying his conviction as a disqualifying crime involving moral turpitude. Instead, the BIA stated, Contreras's brief made the irrelevant argument that his § 245 conviction was not an "aggravated felony."

We discern no error in the BIA's conclusion. Although Contreras's brief before the BIA took the position that his § 245 conviction did not operate as "a bar to Cancellation of Removal," the brief's only argument in support of that contention was that (1) the IJ's decision held that the conviction "constituted an aggravated felony"; and (2) the conviction did not meet the requirements for an "aggravated felony" under the INA. The first premise was simply wrong, because the IJ did not rely on the view that the § 245 conviction was an aggravated felony. Instead, the IJ expressly stated that the conviction was disqualifying because it was

---

[1] The state court documents in the record do not appear to identify the subsection of § 245 under which Contreras was convicted, but the parties do not dispute that the conviction was for assault with a deadly weapon.

"a crime involving moral turpitude, for which a sentence of a year or longer may be imposed." Under the INA, such a conviction presents a bar to cancellation of removal even if the offense is *not* an aggravated felony. *See* 8 U.S.C. § 1227(a)(2)(A)(i), (iii) (listing these as two alternative types of disqualifying offenses); *id*. § 1229b(b)(1)(C). The BIA thus correctly concluded that Contreras's BIA brief simply failed to provide any basis for concluding that his conviction under § 245 did not disqualify him from receiving cancellation of removal.

Contrary to what Contreras suggests, the BIA was not required to construe his brief as implicitly challenging the actual grounds for the IJ's ruling. An alien fails to exhaust an issue that is neither specifically mentioned nor developed in the brief before the BIA. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc); *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004). Where, as here, the Government has properly raised Contreras's failure to exhaust this issue in accordance with the INA's statutory exhaustion requirement, *see* 8 U.S.C. § 1252(d)(1), we "must enforce" that exhaustion rule. *Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843, 1849 (2019) (citation omitted).

Contreras also contends that his constitutional due process rights were violated because he had been led to believe that the Government was not contending that his conviction disqualified him from cancellation. He argues that, before proceeding to decide the issue at the hearing, the IJ should have allowed

him to file a brief on the matter. The BIA rejected this argument, concluding that there was no evidence the Government had ever stipulated to Contreras's eligibility for cancellation of removal and that Contreras at all times bore the affirmative burden of establishing that eligibility. These were proper bases for rejecting this contention. Indeed, Contreras's own chart of his criminal history showed that he was aware that he needed to consider the potential disqualifying immigration consequences of either an aggravated felony or a crime involving moral turpitude. Moreover, to establish a due process violation, Contreras must show prejudice, *see Lopez-Umanzor v. Gonzales*, 405 F.3d 1049, 1058 (9th Cir. 2005), and he cannot do so given that we have squarely held that § 245(a)(1) is categorically a crime involving moral turpitude, *see Safaryan v. Barr*, 975 F.3d 976, 981 (9th Cir. 2020).

Contreras also claims that the IJ violated due process through its use of the terms "pretermit" and "deny" in the disposition of his application for cancellation. The Government correctly notes that Contreras failed to exhaust this argument before the BIA, and we therefore may not consider it. *See Fort Bend Cnty.*, 139 S. Ct. at 1849.

**PETITION DENIED.**

4