**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-2318

MILTON MILLS, MD,

    Plaintiff - Appellant,

  v.

INOVA HEALTH CARE SERVICES,

    Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Patricia Tolliver Giles, District Judge.  (1:23-cv-00567-PTG-JFA)

Submitted:  October 30, 2024         Decided:  January 7, 2025

Before THACKER and BENJAMIN, Circuit Judges, and FLOYD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:** John E. Carpenter, Washington, D.C., for Appellant.  Laurie L. Kirkland, Dana R. Leinbach, BLANKINGSHIP & KEITH, PC, Fairfax, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Milton Mills, M.D., appeals the district court's order granting Defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss Mills' discrimination and harassment claims, brought pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17, and the Virginia Human Rights Act, Va. Code Ann. §§ 2.2-3900 to 2.2-3909; and alleging that Defendant failed to furnish Mills' with his employee file, in violation of Va. Code Ann. § 8.01-413(B).  Mills challenges only the district court's dismissal of his Title VII claims, asserting that the district court erroneously dismissed the claims for failure to administratively exhaust.  We agree.

We review de novo a district court's grant of a Fed. R. Civ. P. 12(b)(6) motion.  *See Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 423 (4th Cir. 2018).  When ruling on a motion to dismiss, a court must accept as true the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff.  *See Ray v. Roane*, 93 F.4th 651, 653 (4th Cir. 2024), *cert. denied*, No. 23-1297, 2024 WL 4426654 (U.S. Oct. 7, 2024).

Because "[a] motion to dismiss tests the sufficiency of a complaint," this court's evaluation of the sufficiency of a complaint is "generally limited to a review of the allegations of the complaint itself."  *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016) (internal quotation marks omitted).  This review also includes consideration of "documents attached or incorporated into the complaint."  *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011).  "However, the district court cannot go beyond these documents on a Rule 12(b)(6) motion; if it does, it

2

converts the motion into one for summary judgment." *Id.* at 448. "Such conversion is not appropriate where the parties have not had an opportunity for reasonable discovery." *Id.*

There are exceptions to this rule, however. First, it is well established that a court "may consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166. A document is integral to a complaint if the claims "turn on" or are "otherwise based on[] statements contained in the [document]." *Id.*

District courts are also "permitted to consider facts and documents subject to judicial notice without converting the motion to dismiss into one for summary judgment." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015). "Under Federal Rule of Evidence 201, courts at any stage of a proceeding may 'judicially notice a fact that is not subject to reasonable dispute,' provided that the fact is 'generally known within the court's territorial jurisdiction' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id.* However, "when a court considers relevant facts from the public record at the pleading stage, the court must construe such facts in the light most favorable to the plaintiff[]" and may not consider the content of the public record if it contradicts allegations in the complaint. *Id.*

As is relevant here, it is undisputed that an employee may seek redress in federal court for Title VII violations by a Virginia employer only after he files a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discriminatory act. *See* 42 U.S.C. § 2000e-5(e)(1). It is also

3

undisputed that, because Mills was terminated on October 27, 2021, the 300-day limitations period for filing an administrative charge against INOVA expired on August 23, 2022. However, "Title VII's charge-filing instruction is not jurisdictional" and must therefore "be timely raised to come into play." *Fort Bend Cnty., Tx. v. Davis*, 587 U.S. 541, 543-44 (2019).

Although a defendant may raise the administrative exhaustion issue on a motion to dismiss, "because exhaustion is treated as an affirmative defense," "a Rule 12(b)(6) motion to dismiss, which addresses the sufficiency of the complaint, generally does not enable the court to determine whether the exhaustion requirement has been satisfied or whether it has been waived or should be excused." *L.N.P. v. Kijakazi*, 64 F.4th 577, 585 (4th Cir. 2023). Thus, a failure-to-timely-administratively-exhaust defense may only be decided on a Rule 12(b)(6) motion "in the relatively rare circumstance[] when all facts necessary to the affirmative defense clearly appear on the face of the complaint." *Id.* at 586 (internal quotation marks omitted). Indeed, "to succeed in these rare circumstances, the defendant must show that the plaintiff's potential response to the affirmative defense was foreclosed by the allegations in the complaint." *Id.* (internal quotation marks and brackets omitted).

With these principles in mind, we conclude that the district court erred when it granted Defendant's motion to dismiss Mills' Title VII claims for failure to timely exhaust his administrative remedies. In his complaint, Mills affirmatively alleged that he timely filed a charge with the EEOC on April 26, 2022. Although Mills also alleged that he "did not hear back from the EEOC until August 10, 2022" because "the agency was using the wrong phone number to contact [him]" (J.A. 8), this allegation, viewed in isolation,

4

establishes only that the EEOC delayed responding to Mills or in processing Mills' timely-filed charge, and not that Mills failed to timely file his charge in the first instance.

While Mills did not attach a copy of his EEOC charge to his complaint, Defendant supported its motion to dismiss with a copy of an EEOC charge that was filed by Mills—and "[d]igitally [s]igned [b]y" Mills on August 24, 2022 (J.A. 37)—one day beyond the 300-day limitations period. But even if the district court was justified in considering the EEOC charge submitted in support of INOVA's motion, we find that the court's dismissal of Mills' Title VII claims was premature.

Specifically, review of the record before the district court confirms that it lacked information allowing it to determine "whether the exhaustion requirement ha[d] been satisfied or whether it ha[d] been waived or should be excused." *L.N.P.*, 64 F.4th at 585. Indeed, it is at least arguable that had the parties been afforded an opportunity to conduct discovery, Mills could have obtained the April 2022 filing and established the necessary requirements to allow his August 2022 filing to relate back to the earlier filing. *See, e.g.*, 29 C.F.R. § 1601.12(b) (explaining that "a charge is sufficient when the [EEOC] receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of" and that any subsequent filing "alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received").

Based on the foregoing, we vacate the district court's order and remand to the district court for further proceedings consistent with this opinion. By this disposition, we

5

express no opinion as to the merits of Mills' claims or the merits of Defendant's administrative exhaustion defense.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*