**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 26-1093**

―――――――――

AVALA ROSE,

        Plaintiff - Appellant,

    v.

DAVID P. STEINER, Postmaster General of the United States Postal Service,

        Defendant - Appellee.

―――――――――

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:23-cv-00405-HEH)

―――――――――

Submitted:  April 23, 2026                                    Decided:  April 28, 2026

―――――――――

Before NIEMEYER, THACKER, and HARRIS, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Avala Rose, Appellant Pro Se.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Avala Rose appeals the district court's order granting Defendant's motion for judgment on the pleadings on Rose's second amended complaint alleging violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17.  She also challenges the district court's order granting Defendant's motion for leave to amend his answer to include the affirmative defense of failure to exhaust administrative remedies.  We affirm.

A district "court should freely give" parties leave to amend their pleadings "when justice so requires," Fed. R. Civ. P. 15(a)(2), and "deny such leave only in cases of prejudice, bad faith, or futility," *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021) (internal quotation marks omitted).  We review a district court's ruling on a motion to amend for abuse of discretion.  *Sysco Mach. Corp. v. DCS USA Corp.*, 143 F.4th 222, 231 (4th Cir. 2025).  "An abuse of discretion is where the [court] has acted in an arbitrary or irrational manner, where [it] has completely failed to consider the right factors, or where [it] relied on faulty legal or factual premises."  *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022).

Here, the district court conducted a careful analysis under the proper legal standard.  Accordingly, we conclude that the district court did not abuse its discretion in granting Defendant's motion for leave to amend his answer.

"We review de novo a district court's order granting a motion for judgment on the pleadings under [Federal] Rule [of Civil Procedure] 12(c), applying the same standard as for motions made pursuant to [Federal] Rule [of Civil Procedure] 12(b)(6)."  *Conner v.*

2

*Cleveland Cnty.*, 22 F.4th 412, 419-20 (4th Cir. 2022). Thus, we "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.* at 420 (internal quotation marks omitted). To defeat a Rule 12(c) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted).

A plaintiff must exhaust her administrative remedies before filing a complaint in federal court alleging violations of Title VII. *See Fort Bend Cnty. v. Davis*, 587 U.S. 541, 550-52 (2019) (holding that Title VII exhaustion requirement is mandatory claim-processing rule). Relevant here, a federal employee alleging violations of Title VII must first consult with an equal employment opportunity ("EEO") counselor in the employee's agency. 29 C.F.R. § 1614.105(a) (2025). If this informal counseling does not resolve the issue, the counselor must inform the employee in writing of her right to file a formal EEO complaint with the agency. 29 C.F.R. § 1614.105(d) (2025). After receiving that notice, the employee has 15 days to file a formal EEO complaint. 29 C.F.R. §§ 1614.105(d), 1614.106(b) (2025).

Here, it is undisputed that Rose received the notice of right to file on February 4, 2023. Under the relevant counting rules, then, she had until February 21, 2023, to file a formal EEO complaint. *See* Fed. R. Civ. P. 6(a)(1)(C) (excluding weekends and legal holidays). It is also undisputed that Rose did not mail her EEO complaint until March 6, 2023. Because Rose's EEO complaint was untimely, the district court correctly concluded that Rose failed to exhaust her administrative remedies.

Accordingly, we affirm the district court's order granting Defendant's motion for judgment on the pleadings.[*] *Rose v. Steiner*, No. 3:23-cv-00405-HEH (E.D. Va. Dec. 22, 2025). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Rose moved for leave to amend her informal brief. We grant that motion and have considered the arguments raised in Rose's amended informal brief. In addition to challenging the district court's orders, Rose contends that the court improperly advised her that she had 30 days in which to appeal. Rose is correct: because Defendant is an officer of the United States sued in his official capacity, she had 60 days to appeal. *See* Fed. R. App. P. 4(a)(1)(B)(iii). We conclude, however, that Rose was not prejudiced by this error.