# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 22, 2023

Lyle W. Cayce
Clerk

No. 22-60477
Summary Calendar

———————————

Evelyn Yessenia Ordonez Rojas; Evelyn Sarahi Anariba
Ordonez,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A208 764 506, A208 764 507

———————————

Before Willett, Duncan, and Wilson, *Circuit Judges*:

Per Curiam:[*]

Evelyn Yessenia Ordonez Rojas and her minor daughter, natives and citizens of Honduras, petition for review of the decision by the Board of Immigration Appeals (BIA) affirming the denial of their application for asylum and withholding of removal. We DENY the petition.

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60477

We review the BIA's decision, and we and consider the immigration judge's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). We review factual findings for substantial evidence, and we review legal determinations de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

Ordonez Rojas first argues that the immigration court lacked jurisdiction to order her removed because her notice to appear failed to specify the date, time, and location of her removal hearing. Circuit precedent forecloses this argument. *Castillo-Gutierrez v. Garland*, 43 F.4th 477, 480 (5th Cir. 2022); *Maniar v. Garland*, 998 F.3d 235, 242 (5th Cir. 2021) (holding that a notice to appear "is sufficient to commence proceedings even if it does not include the time, date, or place of the initial hearing") (internal quotation marks and citation omitted)). Accordingly, the BIA did not err in determining that jurisdiction properly vested in the immigration court.

Next, Ordonez Rojas argues that the notice to appear is defective because the charge is inconsistent with the allegations. Specifically, she argues that she cannot be removed for attempting to enter the United States without valid entry documents when she never presented herself for admission to begin with. But she did not raise this argument to the BIA. "A court may review a final order of removal only if . . . (1) the alien has exhausted all administrative remedies available to the alien as of right . . . ." 8 U.S.C. § 1252(d)(1). Because Ordonez Rojas did not raise this issue to the BIA, it is unexhausted, and we decline to address it. *See id.*; *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1844 (2019) ("A claim-processing rule requiring parties to take certain procedural steps in, or prior to, litigation, may be mandatory in the sense that a court must enforce the rule if timely raised." (internal quotation marks and citation omitted)).

2

No. 22-60477

Ordonez Rojas next argues that she demonstrated a nexus between her asserted harm and a protected basis under the immigration laws. To establish eligibility for asylum or withholding of removal, an applicant must prove that she is unwilling or unable to return to her home country *because of* persecution on account of her race, religion, nationality, membership in a particular social group, or political opinion. *See Cantarero-Lagos v. Barr*, 924 F.3d 145, 150 (5th Cir. 2019); *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013). "[A]lthough a statutorily protected ground need not be the only reason for harm, it cannot be incidental, tangential, superficial, or subordinate to another reason for harm." *Cabrera v. Sessions*, 890 F.3d 153, 159 (5th Cir. 2018) (internal quotations marks and citation omitted).

Ordonez Rojas claims that she "was persecuted because she, an unprotected single mother, stood up to a gang and refused to pay the amount demanded." But economic extortion is not a cognizable form of persecution under immigration law. *See Singh v. Barr*, 920 F.3d 255, 259 (5th Cir. 2019). Substantial evidence therefore supports the BIA's determination that Ordonez Rojas failed to demonstrate a nexus between any suffered harm and a protected ground. Because Ordonez Rojas has not established the requisite nexus, we need not address her arguments related to past persecution. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Finally, although Ordonez Rojas mentions the BIA's denial of her claim under the Convention Against Torture, this argument is not adequately briefed, and we deem it abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). The petition for review is DENIED.