# United States Court of Appeals
# for the Fifth Circuit

———————

No. 22-50938

———————

United States Court of Appeals
Fifth Circuit

**FILED**

May 21, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Rudy Naranjo,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:05-CR-134-1

———————————————————————

Before Southwick, Engelhardt, and Wilson, *Circuit Judges*.

Leslie H. Southwick, *Circuit Judge*:

Federal prisoner Rudy Naranjo is serving concurrent 360-month sentences for multiple drug conspiracy offenses involving crack and powder cocaine, and a consecutive 120-month sentence for using and possessing a semiautomatic weapon in furtherance of the drug crime. He moved under Section 404 of the First Step Act of 2018 seeking a sentence reduction, which the district court denied. Naranjo then filed a second Section 404 motion. The district court dismissed that motion for lack of jurisdiction under Section 404(c) and, alternatively, denied the motion on the merits. We hold there was jurisdiction but AFFIRM for other reasons.

No. 22-50938

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2006, a federal grand jury in the Western District of Texas indicted Naranjo and two other individuals on four counts of conspiring to and possessing with the intent to distribute crack and powder cocaine in violation of 21 U.S.C. §§ 860(a), 846, 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. Only Naranjo was indicted for knowingly using and possessing a semiautomatic weapon "in furtherance of a drug trafficking crime" in violation of 18 U.S.C. § 924(c)(1)(B)(i). Following a trial, the jury found Naranjo guilty on all five counts.

The United States Probation Office prepared a Presentence Investigation Report ("PSR") prior to Naranjo's June 2007 sentencing hearing. The PSR determined that Naranjo's conduct involved 23.2 kilograms of powder cocaine, 728 grams of crack cocaine, and 38.3 kilograms of marijuana. It also attributed 360 kilograms of powder cocaine to the conspiracy between Naranjo and the other two individuals. The PSR calculation concluded these offenses resulted in a base offense level of 40. The PSR designated Naranjo as a career offender under United States Sentencing Guidelines § 4B1.1 because he was previously convicted twice for unauthorized use of a vehicle and twice for armed robbery, qualifying Naranjo as having "at least two prior felony convictions for crimes of violence."

The PSR thus calculated Naranjo's Guidelines range as 360 months imprisonment for his four crack and powder cocaine offenses and 120 months imprisonment for his violation of 18 U.S.C. § 924(c). This resulted in a Guidelines range of 480 months to life. At Naranjo's sentencing hearing, the district court found the PSR "accurate and correct" and imposed a sentence of 360 months for the four cocaine charges to run concurrently and 120 months for the Section 924(c) charge to run consecutively. Naranjo appealed

2

both the judgment and convictions. This court affirmed Naranjo's convictions, finding "no error in the prosecution and trial of this case." *United States v. Naranjo*, 309 F. App'x 859, 869 (5th Cir. 2009).

A flurry of post-conviction proceedings followed Naranjo's direct appeal. From May 2010 to May 2018, Naranjo filed several 28 U.S.C. § 2255 motions challenging his sentence under the Fair Sentencing Act of 2010. Each motion was denied.

In December 2019, Naranjo, acting *pro se*, properly filed his first motion seeking relief solely under Section 404 of the First Step Act. In his motion, Naranjo argued he was eligible for a sentence reduction because "he was convicted of a 'covered offense' before the effective date of" the Fair Sentencing Act.[1] Naranjo further asserted (1) the district court improperly evaluated his criminal history when it designated Naranjo as a career offender under U.S.S.G. § 4B1.1 and its 2007 amendments; (2) the district court's determination of drugs attributable to Naranjo was incorrect because it was not decided by a jury and was based on a "conspiracy-wide" determination instead of a reasonably foreseeable determination; and (3) his Section 924(c) conviction was illegal.

In March 2020, the district court denied Naranjo's first Section 404 motion, concluding that Congress enacted the First Step Act to make Section 2 of the Fair Sentencing Act "retroactive for [only] a particular group of defendants," namely, those who committed crack cocaine offenses. *See Dorsey v. United States*, 567 U.S. 260, 268–69 (2012). Because Naranjo's conviction involved *both* crack cocaine and powder cocaine offenses, he did

---

[1] Covered offenses under the First Step Act include "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." First Step Act of 2018, Pub. L. No. 115-391, § 404(a), 132 Stat. 5194, 5222.

not qualify as a member of the "particular group of defendants" eligible for relief under the Fair Sentencing Act. Thus, even though Naranjo's crack cocaine convictions were covered offenses, "the statutory penalties for Naranjo's powder cocaine offenses" had not changed under the First Step Act, leaving his Guidelines range unchanged. The court also found Naranjo's current sentence sufficient under the 18 U.S.C. § 3553(a) sentencing factors.

Naranjo appealed that ruling. We affirmed the district court's denial of Naranjo's motion and held that Naranjo had "not shown the court failed to conduct a complete substantive review or otherwise abused its discretion." *United States v. Naranjo*, 858 F. App'x 763, 764 (5th Cir. 2021). We also determined Naranjo's requested relief for his Section 924(c) offense was unavailable under Section 404. *Id.* at 765. Finally, we agreed that Naranjo's sentence complied with the Section 3553(a) sentencing factors. *Id.*

In May 2020, while his appeal was still pending, Naranjo filed a Federal Rule of Civil Procedure 60(b) motion in district court challenging the denial of his Section 404 motion. Naranjo averred that the district court was "not permitted to assume [in Naranjo's case] there would be no difference in [his] ultimate [sentence] and summarily dismiss evaluation and/or application of the [Fair Sentencing Act]." He recognized, though, that then-existing Fifth Circuit precedent "expressly precluded" recalculating his "Guidelines range as if he were being sentenced for the first time under present law." *See United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019), *abrogated by Concepcion v. United States*, 597 U.S. 481 (2022). Naranjo asserted he was instead entitled to "a re-sentencing that includes a calculation of the appropriate guideline level 'as if' the Fair Sentencing Act's revised crack cocaine law was applicable at the time of [his] original sentencing." *See id.*

The district court dismissed Naranjo's Rule 60(b) motion in June 2020. The court concluded it lacked jurisdiction over Naranjo's motion because he was "seek[ing] the [c]ourt's involvement in matters that [were] on appeal." The district court alternatively denied the motion on its merits, concluding Naranjo's sentence should not be reduced pursuant to the court's review of the Section 3553(a) sentencing factors. Neither in its denial of Naranjo's first Section 404 motion nor its dismissal of his Rule 60(b) motion did the district court address Naranjo's *Hegwood* resentencing argument, *i.e.,* that he should be resentenced under an adjusted Guidelines calculation that considers the Fair Sentencing Act's revised crack cocaine law.

In July 2022, Naranjo filed his second *pro se* Section 404 motion. Naranjo cited a recent Supreme Court opinion, which held that a district court can consider intervening changes in the law when exercising its discretion to reduce a sentence under the First Step Act. *Concepcion*, 597 U.S. at 500. In September 2022, the district court denied this Section 404 motion for lack of jurisdiction and, alternatively, on the merits. The jurisdictional barrier was that the court had already denied one Section 404 motion on the merits, thus precluding its review of a subsequent Section 404 motion. In the alternative on the merits, the district court reasoned that Naranjo's current sentence would still fall within any new Guidelines range even if he were not a career offender. Naranjo timely appealed.

## DISCUSSION

"We review a district court's ruling on a motion to resentence under the [First Step Act] for abuse of discretion." *United States v. Stewart*, 964 F.3d 433, 435 (5th Cir. 2020). Under an abuse of discretion standard, "the defendant must show the court made an error of law or based its decision on a 'clearly erroneous assessment of the evidence.'" *United States v. Abdul-Ali*, 19 F.4th 835, 837 (5th Cir. 2021) (quoting *United States v. Larry*, 632 F.3d

933, 936 (5th Cir. 2011)). Notably, "to the extent the court's determination turns on the meaning of a federal statute such as the [First Step Act], our review is *de novo*." *Stewart*, 964 F.3d at 435 (citation omitted).

In this appeal, Naranjo asserts the district court committed two separate errors in its September 2022 ruling. First, he contends the district court erred when dismissing his second Section 404 motion for lack of jurisdiction. Second, Naranjo alleges the district court should have reduced his sentence for his powder cocaine offense and should have analyzed the "full slate" of his arguments, including the quantity of drugs attributed to him as a member of the conspiracy and his Section 924(c) conviction.

The district court held it had no jurisdiction to consider Naranjo's latest motion under the First Step Act, relying on its statutory language:

> No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

First Step Act of 2018, Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222.

We start with an issue of first impression for this court: Is Section 404(c) a jurisdictional or a claim-processing rule?

The Supreme Court distinguishes between "jurisdictional prescriptions and nonjurisdictional claim-processing rules." *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1849 (2019). "The former limit the circumstances in which Article III courts may exercise judicial power; the latter 'seek to

promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times.'" *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020) (quoting *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)). A statutory provision is jurisdictional only when "the Legislature clearly states that [the] prescription counts as jurisdictional." *Id.* (alteration in original) (quoting *Davis*, 139 S. Ct. at 1850). If nothing within the text indicates the provision is jurisdictional, the presumption is that it is claim-processing. *Id.*

Our quotation of Section 404(c) reveals no clear language from Congress specifying it as a jurisdictional bar. Indeed, it does not address jurisdiction at all but describes the circumstances under which a second Section 404(b) motion for a sentence reduction cannot be heard by a court. First Step Act § 404(c). Without clear language indicating "Congress has exercised its prerogative to restrict the subject-matter jurisdiction of federal district courts," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515 & n.11 (2006), Section 404(c)'s limitation of the statute's scope should be considered claim-processing.

Two other circuits have held Section 404(c) to be a claim-processing rule. *See United States v. Hart*, 983 F.3d 638 (3d Cir. 2020); *United States v. Deruise*, No. 22-12983, 2023 WL 3668929 (11th Cir. May 26, 2023). The Third Circuit had to decide whether a defendant was eligible for resentencing under the Fair Sentencing and First Step Acts when his sentence had already been reduced once under the Fair Sentencing Act. *Hart*, 983 F.3d at 640–41. The court found no clear statutory text that the provision was jurisdictional, which created a strong presumption in favor of its being a claim-processing rule. *Id.* at 641. The court further explained that Section 404(c) "cuts off only one remedy," which "does not destroy the court's power to hear a case." *Id.* at 641–42. It reasoned that "if a rule limits only a remedy, we will not treat it as jurisdictional without extremely clear evidence." *Id.* at 642.

Consequently, the Government's effort to waive the rule "in the interests of justice" was effective. *Id.* at 641, 643.

The Eleventh Circuit followed *Hart*'s reasoning and decided that Section 404(c) was not jurisdictional and could be waived by the Government. *See Deruise*, 2023 WL 3668929, at *3–4.

To be clear, a claim-processing rule can be mandatory even if it is not jurisdictional. That is, "[a] claim-processing rule may be 'mandatory' in the sense that a court must enforce the rule if a party 'properly raise[s]' it." *Davis*, 139 S. Ct. at 1849 (alterations in original) (quoting *Eberhart v. United States*, 546 U.S. 12, 19 (2005)). If not raised, a claim-processing rule can be waived or forfeited. *See Eberhart*, 546 U.S. at 15. A jurisdictional provision cannot. The language of Section 404(c) does command that no "court shall entertain a motion made under this section to reduce a sentence." First Step Act § 404(c). The Supreme Court, however, has classified "an array" of similar claim-processing rules as mandatory yet nonjurisdictional. *Davis*, 139 S. Ct. at 1849–50 (collecting cases). We thus hold that Section 404(c) is a mandatory claim-processing rule, not a jurisdictional bar as the district court assumed.

Here, the Government did not attempt to waive Section 404. Instead, it raised Section 404(c)'s limitation in both its opposition to Naranjo's second Section 404 motion and its brief to us. The Government argued the district court denied Naranjo's first Section 404 motion after it conducted a complete review on the merits, requiring it to deny Naranjo's second Section 404 motion as barred under Section 404(c). The Government is indeed correct that, if Naranjo's first Section 404 motion for a sentence reduction was denied after a complete review of the merits, the district court could not entertain his second. First Step Act § 404(c). The district court did just that when it denied Naranjo's first Section 404 motion. Thus, we conclude that

No. 22-50938

Section 404(c)'s limitation on multiple motions must be enforced to bar Naranjo's second Section 404 motion.

Though the district court erred in dismissing Naranjo's second Section 404 motion specifically for lack of jurisdiction, the court did not err in dismissing the motion.  None of Naranjo's appellate arguments even address the possibility that the bar against a second motion under Section 404(c) might be mandatory.

AFFIRMED.