# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-30555
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Chris Walker,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CR-297-1

———————————————————

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Chris Walker, federal prisoner # 29622-034, was convicted pursuant to his guilty plea of two drug trafficking offenses, possession of a firearm by a felon, conspiracy to murder a federal agent, and solicitation to murder a federal witness. Relevant to this appeal, his punishments included mandatory life-imprisonment sentences on the drug trafficking convictions.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30555

In the instant appeal, Walker challenges the denial of his motion for a sentence reduction under § 404 of the First Step Act of 2018.  As we have explained, § 404 authorizes a district court to reduce the sentence of defendants, such as Walker, who were convicted of "covered" drug offenses and who have not previously benefited from certain changes effected by the Fair Sentencing Act of 2010.  *See United States v. Batiste*, 980 F.3d 466, 470 (5th Cir. 2020).  However, as pertinent here, § 404(c) of the First Step Act provides that "[n]o court shall entertain a motion made under this section to reduce a sentence if . . . a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits."[1]  Although the district court noted that Walker was eligible for a sentence reduction, it determined, *inter alia*, that Walker's current § 404 motion was barred by § 404(c) because his previous motion under § 404 had been denied after a complete merits review.

Walker disputes the determination that his previous § 404(c) motion was denied after a complete review of the merits.  He contends that the district court could not have considered intervening changes of law and fact in denying the previous § 404 motion because this court's decision in *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019), *overruled in part by Concepcion v. United States*, 597 U.S. 481, 489-90 & n.2 (2022), forbade it, and he contends that this court cannot assume that the district court weighed the 18 U.S.C. § 3553(a) factors because this court's decision in *United States v. Jackson*, 945 F.3d 315, 321-22 (5th Cir. 2019), held that a district court could, but was not required, to consider the § 3553(a) factors when

---

[1] Recently, we determined that "that § 404(c) is a mandatory claims-processing rule." *United States v. Naranjo*, 102 F.4th 280, 286 (5th Cir. 2024).  Although such a claims-processing rule can be waived or forfeited, in the instant matter the Government invoked § 404(c)'s limitation by raising it in the district court and in its brief to this court. *See id.* at 285-86.

determining whether to exercise its discretion to a reduce a sentence under the First Step Act. Walker further asserts that the district court was required to render a decision on the merits of the instant § 404 motion because the Supreme Court's decision in *Concepcion* requires the district court to consider all intervening changes in law and fact, address all nonfrivolous arguments advanced by a defendant, and weigh the § 3553(a) factors before denying a § 404 motion. He argues in conclusion that his previous § 404 motion was not denied on the merits following a complete review because the district court failed to comply with the dictates of *Concepcion*.

As the Government argues, and as we implicitly recognized in affirming the denial of Walker's previous motion for a sentence reduction under § 404, *see United States v. Walker*, 839 F. App'x 945, 946 (5th Cir. 2021), the district court provided a "complete review" by considering the arguments set forth in Walker's previous motion regarding (1) changes in the law with respect to the mandatory minimums for his drug trafficking convictions and the reduction in his sentencing guidelines range; (2) his post-sentencing rehabilitation; (3) research on recidivism and age; and (4) the § 3553(a) factors weighing in favor of a reduction. Because Walker's previous § 404 motion was denied after a complete review on the merits, the district court did not abuse its discretion in denying Walker's current motion under § 404(c). *See Naranjo*, 102 F.4th at 285-86; *Batiste*, 980 F.3d at 469.

In view of the foregoing determination, we need not consider Walker's arguments to the effect that the district court abused its discretion in its alternative merits-based denial of the instant § 404 motion, nor need we consider his contention that the district court imposed a substantively unreasonable sentence. The district court's denial of Walker's § 404 motion is AFFIRMED.