**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

NOV 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAUL CISNEROS VALDOVINOS; ISABEL AYALA SANCHEZ; S. C. A.; S. C. A., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-5192 <br><br> Agency Nos. <br> A246-269-482 <br> A246-269-483 <br> A246-269-484 <br> A246-269-485 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2025[**]
San Francisco, California

Before: BOGGS, BRESS, and MENDOZA, Circuit Judges.[***]

Saul Cisneros Valdovinos, his wife, and their two children (collectively,

"Cisneros"), natives and citizens of Mexico, petition for review of a Board of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Danny J. Boggs, United States Circuit Judge for the Court of Appeals, Sixth Circuit, sitting by designation.

Immigration Appeals ("BIA") decision dismissing their appeal of an immigration judge's ("IJ") order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We review the denial of asylum, withholding of removal, and CAT relief for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Under 8 U.S.C. § 1252(d)(1), a petitioner must "exhaust[ ] all administrative remedies available to [him] as of right" before seeking judicial review. "A petitioner cannot satisfy the exhaustion requirement by making a general challenge to the IJ's decision, but, rather, must specify which issues form the basis of the appeal." *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004), *abrogated on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411 (2023). Because the exhaustion requirement in § 1252(d)(1) is a mandatory claims-processing rule, we "must enforce" the requirement "if a party 'properly raise[s]' it," as the government has done here. *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (quoting *Fort Bend Cnty. v. Davis*, 587 U.S. 541, 549 (2019)).

In this case, Cisneros failed to exhaust various aspects of his claims before the BIA. First, Cisneros failed to exhaust his claims for asylum and withholding of

removal to the extent they were based on persecution on account of his membership in various proposed particular social groups. To establish the cognizability of a proposed social group, an applicant bears the burden of showing that the group satisfies the three factors of immutability, particularity, and social distinction. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)). Here, on appeal to the BIA, Cisneros failed to challenge the IJ's adverse findings regarding the particularity and social distinction requirements. This failure to raise particularity and social distinction below means that Cisneros's cognizability argument is unexhausted, so we do not consider it. *See* 8 U.S.C. § 1252(d)(1); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023), *as amended*. To the extent Cisneros seeks to raise proposed social groups that he did not raise before the IJ, those arguments are likewise unexhausted.

Second, the BIA correctly found that Cisneros's claim for CAT relief was also waived. In his appeal brief before the BIA, Cisneros merely summarized the IJ's decision regarding his CAT claim while broadly discussing general legal standards related to asylum, withholding, and CAT relief. This general discussion did not adequately "specify" the issues that "form[ed] the basis of the appeal." *Zara*, 383 F.3d at 930. Therefore, we do not consider Cisneros's arguments regarding CAT relief.

3                                                                 24-5192

2. Cisneros's sole remaining argument is that the cartel members targeted him due to his political opinion. Under the asylum standard, Cisneros "has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of . . . [his] political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). To establish eligibility for withholding of removal, Cisneros must "prove that it is more likely than not" he will be persecuted in Mexico "because of" membership in a particular social group or other protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357, 360 (9th Cir. 2017); *see also* 8 U.S.C. § 1231(b)(3)(A). "For both asylum and withholding claims, [Cisneros] must prove a causal nexus between one of [his] statutorily protected characteristics and either [his] past harm or [his] objectively tenable fear of future harm." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023).

Cisneros's argument fails due to a lack of nexus, as substantial evidence supports the BIA's conclusion that the cartel members targeted Cisneros only for financial gain. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *Hussain v. Rosen*, 985 F.3d 634, 649 (9th Cir. 2021) (noting that "generalized crime and violence" in a country "cannot be a basis for granting asylum to any citizen of that country in the United States"). The record shows that the cartel began threatening

Cisneros after his butcher shop became successful. The cartel regularly extorted other businesses in the area. And the cartel's threats only referenced payments and money. Indeed, nothing in the record shows that the cartel members were aware of or acted on any political opinion held by Cisneros. Thus, substantial evidence supports the agency's no-nexus determination.

**PETITION DENIED.**[1]

---

[1] Cisneros's motion to stay removal, Dkt. 19, is denied. The temporary stay of removal shall remain in place until the mandate issues.

24-5192