FILED

**NOT FOR PUBLICATION**

APR 7 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAVINDER KUMAR,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-1689

Agency No.
A206-585-754

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2026[**]
Portland, Oregon

Before: COLLINS and FORREST, Circuit Judges, and FITZWATER,[***] District
Judge.

Ravinder Kumar ("Kumar") petitions for review of the Board of Immigration

Appeals' ("BIA's") order upholding the immigration judge's ("IJ's") denial of his

applications for asylum, withholding of removal, and protection under the Convention

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sidney A. Fitzwater, United States District Judge for the
Northern District of Texas, sitting by designation.

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[1]

1. "Where, as here, the BIA agrees with the IJ['s] decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). We review legal questions *de novo* and factual determinations for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).

2. Substantial evidence supports the agency's determination that Kumar's written and oral statements were not credible. Assessing the "totality of the circumstances[] and all relevant factors," *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc) (emphasis omitted) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)), the agency identified material omissions and inconsistencies in Kumar's asylum application, written declaration, and oral testimony.

Kumar's oral testimony, for example, related new information regarding his alleged unsuccessful attempts to seek police protection from Kashmiri militants.

---

[1] Kumar's opening brief and reply to the Government's opposition to his motion to stay removal appear to contain a hallucinated block quotation with citations to *Matter of A-S-*, 21 I. & N. Dec. 1106, 1109 (BIA 1998). *Matter of A-S-*, while an actual BIA decision, does not contain the language that Kumar quotes. Citing nonexistent authority or attributing quotations to the wrong cited case can result in sanctions for violating the Federal Rules of Appellate Procedure and the Ninth Circuit Rules. *See* Fed. R. App. P. 46(b)–(c); Ninth Circuit Rule 46-2(a).

Kumar also testified to new material details regarding the alleged harassment he faced from police in Jalandhar, which included that police forced him to remain on the phone for entire days, ordered him to remain in the city, and confiscated his auto-rickshaw. These details are inconsistent with Kumar's earlier declaration, which stated that he did not face serious problems in Jalandhar until 2013. *See Li v. Garland*, 13 F.4th 954, 959 (9th Cir. 2021) ("[E]ven minor inconsistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination." (citation omitted)).

Even more, Kumar's application and declaration did not allege that police beat him during his 2013 arrest and interrogation. But in his oral testimony Kumar stated that police tied him to a chair, pulled his hair, beat him four to six times over three days, and forced him to lie prone on ice during beatings. Although Kumar was not required to include in his application every detail of his alleged persecution, these omissions and inconsistencies "tell a much . . . more compelling . . . story of persecution than [his] initial application." *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (citation modified); *see also Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021) ("The first, and often a significant consideration, is whether the petitioner was subject to significant physical violence." (citation modified)).

Kumar's explanation for these omissions and inconsistencies does not compel us to grant his petition. Kumar explained that certain details of his harassment were too extensive to include in his application and declaration, and some details may have slipped his mind. We have held that the agency may properly deem such explanations to be unpersuasive, particularly where, as here, the omitted details were closely related to the applicant's asylum claim. *See, e.g.*, *Silva-Pereira*, 827 F.3d at 1186 (rejecting applicant's statement that he forgot to mention details to his attorney and that his problem was very complex). Kumar also explains that he omitted the details of the physical violence that he allegedly experienced in 2013 because, in Indian culture, "interrogation" presumes physical mistreatment. Substantial evidence supports the BIA's rejection of this explanation. Kumar was represented by counsel since at least 2014, and Kumar's counsel submitted his declaration to the asylum office with these omissions and inconsistencies.

The agency also based its adverse credibility determination on the IJ's observations of Kumar's demeanor throughout the hearing, and we afford "special deference" to those observations. *Kin v. Holder*, 595 F.3d 1050, 1056 (9th Cir. 2010). Here, the IJ observed that Kumar spoke with a conversational tone that did not change when he spoke about emotionally difficult events, such as the alleged torture he experienced in 2013. An applicant's tone can support an adverse credibility

determination. *See Kumar v. Garland*, 18 F.4th 1148, 1155 (9th Cir. 2021). Accordingly, given the totality of the circumstances, we hold that substantial evidence supports the agency's adverse credibility determination.

3. Kumar failed to exhaust the contention that he presented sufficient corroborating evidence to independently establish his eligibility for asylum and withholding. Kumar's brief to the BIA contested the IJ's adverse credibility determination, but it made no mention of the evidence that he now argues provides sufficient corroboration. By failing to raise that issue before the BIA, Kumar failed to exhaust his administrative remedies as required by the statute, and we must enforce this mandatory claim-processing rule where, as here, the Government timely invokes the rule. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 419–23 (2023); *see also Fort Bend Cnty. v. Davis*, 587 U.S. 541, 549 (2019). Kumar's bare assertion that he could not have raised the sufficiency of his corroborative evidence to the BIA is without merit.

4. The BIA also properly denied Kumar's application for CAT relief. "[W]hen the petitioner's testimony is found not credible, to reverse the BIA's decision denying CAT protection, we would have to find that the [documentary evidence] alone compelled the conclusion that the petitioner is more likely than not to be tortured."

*Shrestha v. Holder*, 590 F.3d 1034, 1048–49 (9th Cir. 2010) (citation modified). That is not the case here.

The medical evidence and affidavits that Kumar offers make little mention of the harm that he personally suffered. So this evidence does not compel us to disturb the BIA's denial of CAT protection. Moreover, the country conditions reports provide only generalized evidence of conflict between Muslim militants and government actors. The reports do not provide the necessary particularized evidence to prove that Kumar is likely to suffer torture with government consent or acquiescence. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("[G]eneralized evidence of violence and crime . . . is not particular . . . and is insufficient to meet [the CAT] standard."); *Singh v. Bondi*, 130 F.4th 1142, 1156 (9th Cir. 2025) ("While the evidence in the record indicates that there was 'strife in India,' once [applicant's] own testimony was disregarded, there was not enough individualized evidence to compel the conclusion that there was a greater than fifty-percent chance that [applicant] himself would be tortured upon removal to India.").

Accordingly, we deny Kumar's petition.

**PETITION DENIED**.