NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 10 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DIGNA MARINA SORTO-CRUZ; ERIKA XIOMARA RAMIREZ-SORTO,

Petitioners,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 25-1683

Agency Nos. A209-950-000
A209-950-001

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 11, 2026**
Portland, Oregon

Before: COLLINS and LEE, Circuit Judges, and FITZWATER, District Judge.***

Petitioners Digna Marina Sorto-Cruz and her daughter Erika Xiomara

Ramirez-Sorto, natives and citizens of El Salvador, petition for review of a

decision of the Board of Immigration Appeals ("BIA") upholding an order of an

Immigration Judge ("IJ") denying Sorto-Cruz's application for asylum,

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

*** The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

withholding of removal, and relief under the Convention Against Torture ("Torture Convention").[1] We have jurisdiction under § 242(a) of the Immigration and Nationality Act, 8 U.S.C. § 1252. We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *See Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). Under the latter standard, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

To qualify for asylum, a petitioner must have a well-founded fear of future persecution "committed by the government or forces the government is either unable or unwilling to control." *Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (simplified). Similarly, to establish eligibility for withholding of removal, a petitioner must show past or feared future persecution either by the government or by "persons or organizations which the government is unable or unwilling to control." *Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 788 (9th Cir. 2004) (citation omitted). Sorto-Cruz's alleged past and feared future persecution arises out of a series of incidents in which gang members attempted to extort her, including one in which a gang member physically attacked her and threatened her. The IJ rejected Sorto-Cruz's asylum and withholding claims for multiple

---

[1] Ramirez-Sorto did not file a separate application for relief, but was listed as a rider only for purposes of Sorto-Cruz's asylum application. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (stating that, unlike asylum, withholding of removal and relief under the Torture Convention "may not be derivative").

alternative reasons, including that Sorto-Cruz had not shown that the Salvadoran government was "unwilling or unable to control" the source of her past or feared persecution—*i.e.*, the gang members. The IJ specifically noted that, after Sorto-Cruz was attacked by a gang member, Salvadoran police arrested him, and he was prosecuted and fined, and a restraining order was issued against him. The IJ also concluded that, although the police did not provide much assistance when Sorto-Cruz complained about threatening phone calls, that was attributable to the fact that she "was unable to identify to the police who was calling her" and thus "was simply not able to provide information to the police that would allow them to arrest anyone at that point in time."

On appeal, the BIA held that Sorto-Cruz had failed to "ma[k]e any specific argument challenging the [IJ's] determination" on the issue of whether "the Salvadoran government is unable or unwilling to protect her" and that she thereby "waived" any challenge to this "dispositive determination." We discern no error in that conclusion. In Sorto-Cruz's brief to the BIA, the only reference to this issue was a conclusory assertion contained in the section addressing her Torture Convention claim. Specifically, Sorto-Cruz relied on the country conditions report to argue that "the gangs in El Salvador operate with impunity and are not controlled by the government" and that, as a result, "the government of El Salvador is unable and unwilling to protect her." But even if these comments are generously

3

construed as applying also to her claims for asylum and withholding of removal, they wholly fail to engage with the IJ's findings and reasoning on the issue, which rested on the case-specific evidence concerning Salvadoran officials' efforts to protect Sorto-Cruz from the harms she brought to their attention. The BIA properly concluded that Sorto-Cruz's wholesale failure to address the findings and reasoning for the IJ's decision amounted to a forfeiture of any objection to that ruling. *See Rizo v. Lynch*, 810 F.3d 688, 692 (9th Cir. 2016) (holding that a "conclusory" assertion that "does not meaningfully challenge the IJ's decision on appeal" amounts to a failure to exhaust administrative remedies). Although *Rizo*'s statement that such a failure to exhaust amounts to a jurisdictional defect has been overruled by *Santos-Zacaria v. Garland*, 598 U.S. 411, 419–23 (2023), the exhaustion requirement remains a mandatory claim-processing rule that must be enforced where, as here, the Government timely invokes the rule. *See id*.; *see also Fort Bend Cnty. v. Davis*, 587 U.S. 541, 549 (2019). Because Sorto-Cruz's forfeiture of this issue is dispositive of her claims for asylum and withholding of removal, we uphold the BIA's denial of such relief on that basis.

The agency also properly concluded that Sorto-Cruz had failed to establish her eligibility for relief under the Torture Convention. Under any standard of review, the agency correctly held that any past physical harm that Sorto-Cruz experienced did not entail any physical injuries and did not constitute past torture.

4

Substantial evidence supports the agency's conclusion that Sorto-Cruz failed to carry her burden to show that it was "more likely than not that . . . she would be tortured if removed" to El Salvador, 8 C.F.R. § 1208.16(c)(2). *See Park v. Garland*, 72 F.4th 965, 979 (9th Cir. 2023) (holding that the agency's "predictive factual findings as to whether a petitioner will be tortured in the country of removal" are factual findings reviewed for substantial evidence). Specifically, the IJ reasonably concluded that Sorto-Cruz's feared harm "appears to relate to a local gang and one specific gang member" and that she had failed to "show any evidence why she could not relocate to another place in El Salvador . . . and be safe." Under our caselaw, this is a sufficient ground to deny relief under the Torture Convention. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 704 (9th Cir. 2022).

**PETITION DENIED.**