**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 24 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GURPREET SINGH,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 24-7000

Agency No.
A209-874-355

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 21, 2026[**]
Seattle, Washington

Before: MURGUIA, Chief Judge, and McKEOWN and KOH, Circuit Judges.

Gurpreet Singh seeks review of a Board of Immigration Appeals (BIA) decision dismissing the appeal of an order of the Immigration Judge (IJ) denying his applications for asylum, withholding of removal, and protection under the

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture. Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Singh's failure to exhaust the IJ's credibility determination forecloses our review of it. We "may review a final order of removal only if" the noncitizen "has exhausted all administrative remedies available to [him] as of right." 8 U.S.C. § 1252(d)(1). The IJ found Singh not credible because of several inconsistencies and omissions in his testimony. These included conflicting statements about why and when he joined the Mann Party, who helped him after he was allegedly beaten by local law enforcement for a second time, how long he stayed in Mexico on his first attempt to enter the United States, and whether the local police took his fingerprints while he was in detention. Singh did not challenge the IJ's adverse credibility determination in his counseled brief before the BIA, which, in turn, deemed any such challenge "waived."

Singh's belated challenge to the adverse credibility determination in this petition for review cannot mend his error below. As a non-jurisdictional claim-processing rule, exhaustion "is mandatory in the sense that a court must enforce the rule if a party properly raises it," *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (quoting *Fort Bend Cnty. v. Davis*, 587 U.S. 541, 549 (2019)) (citation modified), and the government has. We thus do not address the IJ's

credibility determination.

Singh does not present sufficient corroborating evidence independent from his testimony to establish eligibility for relief. He does not demonstrate that "any reasonable adjudicator would be compelled to conclude" that there was error in the IJ's findings. 8 U.S.C. § 1252(b)(4)(B). He therefore "cannot show that he has a 'well-founded fear of persecution' based on a protected ground." *Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020) (quoting 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A), 1229a(c)(4)(A)). That failure dooms his asylum and withholding of removal claims. Because Singh's claim under the Convention Against Torture is predicated on the same evidence, it also fails. *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

In stating only that the IJ's denial of relief deprived him of due process and elaborating no further, Singh has not demonstrated that "the proceeding was so fundamentally unfair that [he] was prevented from reasonably presenting his case." *Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010) (citation omitted). His due process claim fails.

**PETITION DENIED.**